# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

| | |
|---|---|
| CHARLES W. CLOUSE, LARRY R. WHITAKER, JR., and ALEXIS MERCADO, On Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) ) CLASS AND COLLECTIVE ACTION |
| *Plaintiffs*, | ) CASE NO. _____ ) |
| v. | ) JUDGE _____ ) |
| BLUEGRASS CONTRACTORS, INC. OF LEXINGTON, | ) JURY DEMAND ) ) |
| *Defendant*. | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.  Plaintiffs Charles W. Clouse, Larry R. Whitaker, Jr., and Alexis Mercado bring this action against Defendant Bluegrass Contractors, Inc. of Lexington ("Defendant") to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010, *et seq.* Plaintiffs assert the FLSA claims as a collective action on behalf of themselves and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiffs assert the FLSA claims as a class action on behalf of themselves and all similarly situated individuals, pursuant to Fed. R. Civ. P. 23.

## I. JURISDICTION AND VENUE

2.  This Court has jurisdiction over Plaintiffs' claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

3.  This Court has jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367.

1

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and because the claims arose in this judicial district.

## II. PARTIES

**A.   Plaintiffs**

5. Plaintiff Charles W. Clouse is over the age of nineteen (19) and is a resident of Nicholasville, Jessamine County, Kentucky. Plaintiff Clouse worked as a painter for Defendant from about January 2015 until sometime in or around late 2017.

6. Plaintiff Larry R. Whitaker, Jr. is over the age of nineteen (19) and is a resident of Nicholasville, Jessamine County, Kentucky. Plaintiff Whitaker worked as a painter for Defendant from about January 2016 until about February 2017.

7. Plaintiff Alexis Mercado is over the age of nineteen (19) and is a resident of Nicholasville, Jessamine County, Kentucky. Plaintiff Mercado worked as a painter for Defendant from about February 2016 until about December 2018.

**B.   Defendant**

8. Defendant Bluegrass Contractors, Inc. of Lexington is a Kentucky corporation doing business within this judicial district. Defendant is headquartered at 1324 Copper Run Blvd., Lexington, KY, 40514. Defendant's registered agent is Keith Doan, who can be served at Defendant's headquarters.

9. Defendant employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce. Defendant has at all relevant times been an employer of Plaintiffs and the similarly situated employees they seek to represent within the meaning of the FLSA and KWHA.

## III. FACTS

10. Plaintiffs and those they seek to represent in this action were employed to perform work on various jobs for Defendant as part of its contracting business.

11. Defendant paid Plaintiffs and those they seek to represent "straight time"—*i.e.*, the same hourly wage for every hour worked, regardless of whether such hours were in excess of 40 in a workweek.

12. Plaintiffs and those they seek to represent regularly worked in excess of 40 hours in a workweek.

13. Defendant labeled the hourly payments for hours in excess of 40 in a workweek as "bonus" payments on the pay statements of Plaintiffs and those they seek to represent.

14. A pay statement of Charles Clouse from July 2017, which shows such a "bonus" payment, is attached hereto as <u>Exhibit A</u> as an example of the pay practice which applied to Plaintiffs and those they seek to represent.

15. The "bonus" payment of $143.00 shown on <u>Exhibit A</u> is actually a payment for 13 hours worked in excess of 40 in a workweek made at Plaintiff Clouse's then-current hourly rate of $11 per hour ($11/hour x 13 hours = $143.00).

16. The FLSA and KWHA require employers to pay employees at one and one-half times their regular rate of pay for all hours in excess of 40 in a workweek.

17. By failing to pay Plaintiffs and those they seek to represent at one and one-half times their regular rate of pay for all hours in excess of 40 in a workweek, Defendant violated the overtime pay requirements of the FLSA and KWHA.

18. Defendant labeled these straight-time hourly payments for hours over 40 in a workweek, which it made to Plaintiffs and those they seek to represent at their regular rate of pay, as "bonus" payments, in order to conceal its violation of the overtime pay requirements of

the FLSA and KWHA.

19. Defendant also continued these practices despite formal and informal complaints by Plaintiffs about not receiving time-and-a-half and despite inquiries and investigations by the Kentucky Labor Cabinet.

20. Accordingly, Defendant knew or should have known that Plaintiffs and those they seek to represent were entitled to one and one-half times their regular hourly rate for hours over 40 in a workweek and therefore acted willfully in failing to compensate all work time by these employees at the proper overtime rate.

## IV. COLLECTIVE ACTION ALLEGATIONS

21. Plaintiffs asserts their FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following individuals:

> All current and former hourly-paid employees of Defendant at any time since January 10, 2017.

(the "Collective Class").

22. Plaintiffs' FLSA claims should proceed as a collective action because Plaintiffs and other similarly situated employees were paid in the same manner as described herein, and are, therefore, "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## V. CLASS ACTION ALLEGATIONS UNDER KENTUCKY LAW

23. Plaintiffs bring this action on their own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class of individuals:

> All current and former hourly-paid employees of Defendant at any time since January 10, 2015.[1]

(the "Rule 23 Class").

---

[1] The statute of limitations under the KWHA is five years. KRS 413.120(2).

24. Plaintiffs are members of the Rule 23 Class they seek to represent.

25. Since January 9, 2015, Defendant has employed more than 50 individuals who it paid in the manner described above and who therefore fall within the Rule 23 Class definition. Thus, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

26. Plaintiffs and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). Defendant failed to pay Plaintiffs and the members of the Rule 23 Class all overtime wages owed, pursuant to the same policies and in the same manner. As a result, the Rule 23 Class shares several factual and legal questions, including, for example: (1) whether they were entitled to one and one-half times their regular rate for hours over 40 in a workweek; and (2) whether Defendant violated the KWHA by paying purported "bonus" payments at their regular rate of pay for hours over 40 in a workweek.

27. Plaintiffs' claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendant's violation of the overtime pay requirements of the KWHA was not the result of any Plaintiff-specific circumstances. Rather, it arose from Defendant's common pay policies and practices, which Defendant applied generally to all of the hourly-paid employees who worked on jobs as part of its contracting business, including Plaintiffs. Thus, in advancing their own claims, Plaintiffs will also be advancing the claims of the Rule 23 Class.

28. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiffs' interests are shared with the Rule 23 Class and Plaintiffs have no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiffs have retained competent counsel experienced in representing classes of employees against their employers related to their employers' failure to pay them properly under the law.

29. By failing to pay hourly paid employees all required overtime wages pursuant to its common pay practices and policies, Defendant has created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiffs are entitled to pursue their claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

### VI. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

30. All previous paragraphs are incorporated as though fully set forth herein.

31. Plaintiffs assert this claim on behalf of themselves and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

32. Plaintiffs and the Collective Class are employees entitled to the FLSA's protections.

33. Defendant is an employer covered by the FLSA.

34. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

35. Defendant pays Plaintiffs and the Collective Class the same hourly rate for every hour worked including hours over 40 in a workweek and does not pay them at one and one-half times their regular rate of pay for hours over 40 in a workweek, in violation of the FLSA.

36. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions, for example, by seeking to conceal its violation on the pay statements of Plaintiffs and the Collective Class members and by ignoring formal and

informal complaints from Plaintiffs and the Kentucky Labor Cabinet.

## COUNT II
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE KWHA

37. All previous paragraphs are incorporated as though fully set forth herein.

38. Plaintiffs assert this claim on behalf of themselves and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

39. Plaintiffs and the Rule 23 Class are employees entitled to the KWHA's protections.

40. Defendant is an employer covered by the KWHA.

41. The KWHA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. KRS 337.285.

42. Defendant pays Plaintiffs and the Rule 23 Class the same hourly rate for every hour worked including hours over 40 in a workweek and does not pay them at one and one-half times their regular rate of pay for hours over 40 in a workweek, in violation of the KWHA.

43. In violating the KWHA, Defendant has acted willfully and with reckless disregard of clearly applicable KWHA provisions, for example, by seeking to conceal its violation on the pay statements of Plaintiffs and the Rule 23 Class members and by ignoring formal and informal complaints from Plaintiffs and the Kentucky Labor Cabinet.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.  An order permitting this litigation to proceed as a class action pursuant to the KWHA and Fed. R. Civ. P. 23;

C.  Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

D.  Prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to all putative class members;

E.  A finding that Defendant has violated the FLSA and KWHA;

F.  A finding that Defendant's FLSA and KWHA violations are willful;

G.  A judgment against Defendant and in favor of Plaintiffs and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA and KWHA;

H.  Prejudgment interest to the fullest extent permitted under the law;

I.  Liquidated damages to the fullest extent permitted under the FLSA and KWHA;

J.  Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA, KWHA, and the Federal Rules of Civil Procedure; and,

K.  Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: January 10, 2020                           Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (KY Bar No. 98258)**
**JOSHUA A. FRANK (TN Bar No. 33294) \***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219

Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**J. CHRIS SANDERS**
CHRIS SANDERS LAW PLLC
517 West Ormsby Avenue
Louisville, KY 40203
Telephone: (502) 814-0094
csanders@chrissanderslaw.com

*\* Pro Hac Vice* Motion anticipated

*Attorneys for Plaintiffs*