UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| CHARLES W. CLOUSE, LARRY R. WHITAKER, JR., ALEXIS MERCADO, | CIVIL ACTION NO. 5:20-011-KKC |
| Plaintiffs, | |
| V. | OPINION AND ORDER |
| BLUEGRASS CONTRACTORS, INC. OF LEXINGTON, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiffs' motion to amend their complaint (DE 23). For the following reasons, the motion will be granted.

Plaintiffs' complaint alleges that their employer, Bluegrass Contractors, Inc. of Lexington, failed to adequately pay them for time they worked in excess of 40 hours per week. They assert a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010, et seq.

They move to amend their complaint to add two defendants: Keith and Sherry Doan and also to add certain allegations. In the proposed amended complaint, plaintiffs assert that Keith and Sherry Doan own and operate Bluegrass Contractors.

Rule 15 provides that the Court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 20 provides that persons may be joined as defendants if any claim is asserted against them "with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A).

Bluegrass objects the motion on two grounds. First, it argues that amending a complaint to add defendants falls under Rule 20, not Rule 15. Plaintiffs, however, cited both rules in their motion. Regardless, Bluegrass does not argue that joinder of the defendants is improper under Rule 20. It seems to argue that the plaintiffs' claims against the Doans should not be deemed to relate back to the original pleading under Rule 15(c), and it reserves all defenses in that regard. Bluegrass does not fully develop this argument, however, and it does not argue that the proposed amendment is futile. Thus, the Court will not address the relation-back issue on this motion to amend. The Doans may reassert this argument in a future dispositive motion.

Bluegrass also argues that the proposed amended complaint adds a new "claim" that the defendants not only failed to adequately pay them overtime but did not pay the plaintiffs at all for some hours they worked. These allegations do not assert a new "claim." The proposed amended complaint, like the original complaint, asserts two claims: an FLSA claim and a KWHA claim. The new allegations do not significantly change the original claims that were asserted.

Bluegrass does not identify any prejudice that it will suffer if the Court permits the amended complaint. The motion was filed long before the deadline established in the Court's scheduling order. No party has filed a dispositive motion yet. Bluegrass argues that the parties are litigating the conditional certification of the FLSA collective action. That issue, however, was resolved after the filing of Bluegrass's response to this motion (DE 32, Agreed Order.)

For all these reasons, the Court finds granting leave to amend the complaint is appropriate. Accordingly, the Court hereby ORDERS that the plaintiffs' motion for leave to

amend their complaint (DE 23) is GRANTED and the Clerk of the Court SHALL FILE the tendered amended complaint (DE 23-2) in the record.

Dated October 08, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY